| | |
|---|---|
| **United States District Court**<br>**Southern District of Texas**<br>**Houston** | |
| Jacques Jaikaran<br><br>vs.<br><br>US Bank | No. H-06-1479 |

# Motion to Dismiss Proceedings against Charles Lincoln

TO THE HONORABLE COURT:

Charles Lincoln respectfully files this Motion to Dismiss Proceedings against him.

## Nature of Motion

1. This Motion is not intended to be "legal" in character. It is more an appeal to the Court's discretion than an assertion of legal rights. It is a request for dismissal as a matter of discretion. Any more "legal" type issues may or may not be the subject of additional filings.

2. This Motion intentionally does not address what is and is not legally "practice of law." Similarly, it does not address what jurisdiction the Court may or may not have over Charles Lincoln (or what jurisdiction it may or may not have to determine its jurisdiction or to investigate).

3. Instead, this Motion is directed at discretionary and equitable considerations. This Motion is based on the premise almost certainly true that the Court has no duty to proceed and may stop. It is understood that a prosecutor has been appointed and it is believed the same applies to him.

4. This motion is not intended to deal with specific facts and actually its writer still does not know detailed facts. He feels it best for detailed facts to be brought out to the extent necessary and possible in open Court or after much more substantial consultation between him and his client concerning the detailed facts not as part of this motion appealing to equity and discretion.

5. Concepts like "practicing law" are imprecise and open to interpretation. It is clear conduct some may believe proper can be construed as improper by others. This has been the subject of some dispute in this state (reference is made to a relatively recent case where the State Bar

construed self help legal books as "practicing law"). Accordingly, Lincoln may never testify as to detailed facts although no final determination has been made on that issue.

6. This motion is based on the general scenario that is not significantly disputed. It would seem that the general scenario is known and this motion can be discussed within that scenario.

## Practice of Law Without a License

7. Generally, it is probably undisputed that Charles Lincoln did not engage in the most eggregious forms of practicing law without a license. He certainly did not appear in Court as a lawyer. He didn't sign his name to pleadings. He didn't hold himself out to be a lawyer.

8. While not addressing specific detailed facts, it seems he may have had discussions with a friend. Some of his ideas may have been incorporated into "pro se" pleadings filed by the friend. Certainly, his friend is very sophisticated and capable of generating ideas and pleadings himself.

9. The Court almost certainly believes that what happened was more than discussions with a friend. The Court probably believes that Movant actually drafted the pleadings. This motion as noted above does not address the specifics on exactly what happened. It discusses the scenario. Certainly, it has to be proper for people to talk about the law and exchange ideas (including ideas about the law). It is doubted that any person would take the positive that in this free country that people (including nonlawyers) cannot discuss, debate, and exchange ideas about the law.

10. Now, when does exchange of ideas and debate become practicing law? It is doubted that there is or ever will be a clear delineation. The Courts certainly must be very careful or else much freedom of speech and debate including of the most important types will be squelched. Politics is the process by which much law is developed. Debate of politics is at least indirectly debate of law. A free country cannot exist without a debate of politics. Even Court proceedings have political elements both in the judicial decision making process and interactions of parties. It is not unusual for people to support litigants sometimes with formal Amicus Briefs and sometimes with ideas and sometimes with emotional support. Certainly, these kinds of activities do not all amount to practicing law. It would seem that some very careful lines must be drawn and must be drawn in light of very specific evidence. People need help and not just help from lawyers when people undertake litigation. Certainly, litigants should not be isolated from all sources of help.

11. Now, whatever exactly happened, it appears it falls within these general categories. No one has claimed to this writer's knowledge that Movant did this for money, for example. It appears he was initially doing it out of his passion for civil rights. Later, he may or may not have received remuneration as a para legal. The point is that his motives it appears were good. If he is interpreted as having crossed a line at some point, it is believed his motives of advancing his view of civil rights and helping someone in difficult litigation will not be seriously challenged. It is understood that some would view his "cause" and also the person he attempted to help with disfavor. This writer does not know the history completely but knows enough to know that there is a history. Actually, those with disfavored causes are most in need of help. Some disfavored causes are ultimately vindicated. It is through the process of advocacy of disfavored causes that the system is changed and sometimes for the better. If disfavored causes cannot be advocated, then the system is stuck in status quo and history shows that the status quo is not always good. The point is that the fact that his cause may be disfavored should not be held against him. The finest moments of the federal courts have been when some disfavored causes prevailed. Arguably, the least finest moments are when other disfavored causes that should have prevailed didn't.

12. The cause before the Court is unknown to this writer and is not the reason he volunteered for this representation. He does not care about it whatever it may be (at least until he learns about it if he ever does), but he supports at least one cause the Movant has advocated. He believes Movant was in the right relative to the **Atwater v. Lago Vista** decision. He believes the **Atwater v. Lago Vista** decision is not one of the finer decisions of the Supreme Court. He believes the **Atwater v. Lago Vista** decision will lead to governmental abuses and excesses. The parties in **Atwater v. Lago Vista** were certainly retaliated against for bringing that case. Her husband (an emergency room doctor) was tackled and forcibly arrested when he went to call his lawyer because he was confronted by large numbers of law enforcement officers for supposedly having an "illegal fire." Other examples exist. Some of Lincoln's problems probably also arise from that case. It is very scary when people cannot assert legitimate complaints without fear of retaliation. It is even scarier if their lawyers cannot represent them without fear of retaliation.

13. The point is that regardless of the merits of this particular case, Movant has supported at least one good cause. The system needs people who support causes (even if some are not the best and even if the causes are not initially successful -- it is believed **Atwater v. Lago Vista** will not suvive the test of time -- hopefully). The system needs people like this whether they are acting as lawyers or nonlawyers. It is agreed that nonlawyers who have causes to advocate should not "cross the line" into practicing law. If Movant did, it is asserted that he did not step way over the line. Again, he didn't appear in Court. He didn't sign his name to pleadings. He didn't overtly hold himself out to be a lawyer. If he crossed the line, part of his foot was still on the line (with just part of his foot over the line -- the point is that he didn't go flat out and openly purport to practice law). Further, it is probably undisputed that this line if he touched it was an ambiguous line. At the Alamo, the line in the sand was very clear. The line here if in sand was in "shifting sands."

14. Question? Let's suppose an intelligent Black Pastor whether known as Martin Luther King or by some other name exchanged ideas relative to a pending civil rights case during that era? Supppose he actually sat down and drafted some proposed language? Suppose that language was incoporated into a pleading by a pro se litigant? Would that really be such a horrible thing? If a violation at all, wouldn't it be something that would be over looked as a matter of discretion -- especially now in hindsight although possibly not at the time? There is a good chance that "cause" was just as unpopular during that time frame in certain southern localities as whatever "cause" Movant may have been exchanging ideas about in this case. True? The point is that once we start detering people from asserting their passionate causes especially through groups of like minded individuals a lot of freedom and potential improvement of our condition is precluded. Unless you believe the status quo is wholly good, that is a bad thing. Further, that eliminates a large part of the reason constitutions and courts and what not exist. It is a challenge to think of any significant social cause that occurred without group collaboration (through solely inidvidual effort). Any time two like minded individuals get together to talk about their common cause asserted thtrough court proceeding then one of them has committed practice of law without a license (if one of them is not an attorney)? That is scary. That is an end of social change through the Courts.

15. Now, let's do what courts commonly do. Let's create a balancing test. What is the harm from assertion of unfounded (arguably) causes. Actually, not a whole lot. A judge can say "denied" in just a few seconds. There is not a whole lot of harm at all. On the other hand, what is the harm if disfavored causes are effectively precluded? The harm is huge. Virtually, all social progress stops. Further, if individuals with "grievances" cannot effectively access the Courts, then society becomes a pressure cooker eventually destined to explode. Most people with grievances accept court rulings even if adverse. The point is that as long as causes are heard through court procedures little harm is done and great potential harm is avoided. The Courts should be very tolerant of causes no matter how disfavored or "unfounded" so long as asserted through peaceful court procedures. The Court simply smiles and says "denied." Little harm done.

16. Enough of the rambling, the bottom line point is that if there was a wrong, the wrong was not at the extreme "bad" end of the spectrum. It may not have been at the extreme "good" end of the spectrum either but it certainly was not at the extreme "bad" end. It is something it is urged the Court as a matter of discretion should let go of under certain conditions hopefully that exist here.

### Not Appearing in Court

17. Again, this motion does not attempt to address the jurisdiction issue. It also does not attempt to address specific facts either. For purposes of this discussion, it is assumed that jurisdiction existed at least to determine whether jurisdiction existed (or to investigate). It seems the Court phrased its Order along those lines. The Court's stated reason for his appearance was along the lines of "to discuss his involvement in the case." Now, regardless of whether jurisdiction is ultimately determined to exist in some form or fashion or not, this writer has stated his position to Movant on the wisdom of what was done. Movant should have appeared and argued any jurisdictional issues at the hearing. If some logistical or practical reason prevented appearance, he should have asked for accommodation. He should have handled this differently. It is not a good strategy to refuse to appear claiming lack of jurisdiction as this case well illustrates.

18. Movant has expressly authorized this lawyer to apologize to the Court on his behalf (subject only to the condition that this lawyer not waive any "legal" issues that exist on the issue of jurisdiction or otherwise). Therefore, **an apology is made** with sincerity both by the lawyer and the

client. It is further admitted that the conduct at issue was not "wise." He has no contempt for either the Court or this particular judge. He holds the Courts in high esteem as instruments of enforcement of civil rights. One of his life purposes has been to advance civil rights through the Courts. He has no contempt for the Court. He admits to a lack of wisdom and he expressly sincerely apologizes. He has particular respect for this judge having heard that this judge is willing to rule against the government when merited and respecting this Court's known emphasis on brevity. Some effort has been made at brevity here although admittedly there is some rambling.

### Bottom Line

20. In summary, it is argued that any violation of the laws against practicing law without a license were not huge and not motivated by bad motives (in fact good motives). It is believed if Movant had appeared the Court probably would have at most chastised Movant possibly harshly but things would not have progressed to this level. It is argued that his failure to appear was lack of wisdom not contempt. Additionally, roughly a week in jail is more than sufficient punishment for any contempt if the Court construes what occurred as contemptuous. Please, time served.

21. It is not expected or even suggested that the Court rule on this motion without hearing. Charles Lincoln intends and hopes to apologize to the Court in person at the hearing. He probably will assert that he is technically correct on certain legal issues like jurisdiction but he will apologize. He possibly may assert the 5th amendment relative to specific facts concerning allegations of practice of law without a license but he will sincerely apologize. The Court it is believed will recognize this man for what he is -- a very sincere advocate of civil rights -- although the Court may not agree with his positions on civil rights and it may not agree with his methods -- his sincerity almost certainly will not be doubted. The Court almost certainly can extract promises from him to avoid certain behaviors in the future and probably some injunctions can agreed.

Respectfully Submitted,

*David A. Sibley (signature)*

David A. Sibley
Attorney at Law
P.O. Box 9610
719 N. Upper Broadway (78401)
Corpus Christi, Texas 78469-9610
(361) 882-2377 -- Telephone
(361) 882-3322 --Telecopier
ds@davidsibley.com -- Email
davidsibley.law – Home Page
State Bar No. 18337600
Federal I.D. 10053
Attorney-in-charge for Charles Lincoln

## Certificate of Service

On this day, I served this on all counsel of record by telecopier and ECF.

*David A. Sibley (signature)*

David A. Sibley